**UNITED STATES of America,
Petitioner,**

v.

**THREE CROWS CORPORATION,
Respondent.**

**No. CIV.03–MC–21–B–W.**

United States District Court,
D. Maine.

June 18, 2004.

---

James M. Moore, Office of the U.S. Attorney, District of Maine, Bangor, ME, Stephen J. Turanchik, U.S. Department of Justice, Tax Division, Washington, DC, for United States of America, Plaintiff.

Richard J. Thomas, Bangor, ME, pro se.

## ORDER FOR CONTEMPT AGAINST RICHARD J. THOMAS

WOODCOCK, District Judge.

This Court holds Dr. Richard J. Thomas in civil contempt because he has failed or refused to produce the corporate records of Three Crows Corporation (Three Crows) pursuant to a summons of the Internal Revenue Service (IRS). If the records are not produced within ten days of the date of this Order, this Court orders Dr. Thomas to be incarcerated until he has complied with the IRS summons.

## I. Statement of Facts.

On May 14, 2003, the United States of America petitioned this Court to enforce a summons that had been issued by the IRS on December 5, 2002 against Respondent Three Crows. The IRS has been conducting an investigation to determine whether Dr. Thomas had committed any offense connected with the administration or enforcement of the internal revenue laws for tax years 1995, 1996, 1997, 1998, 1999, 2000, and 2001. The summons was issued to the Custodian of Records, Three Crows Corporation; the taxpayer, Richard J. Thomas, subsequently confirmed he was the custodian of the Three Crows corporate records.[1] On May 15, 2003, Magistrate Judge Kravchuk issued an Order to Show Cause against Jacy Richardson, the registered agent for Three Crows, to show cause why she should not be compelled to obey the December 5, 2002 Internal Revenue Service summons. Prior to the hearing, Ms. Richardson filed an Affidavit, stating that although she was the Registered Agent for Three Crows, she was not and never had been the custodian of the records for Three Crows. She stated that Dr. Richard Thomas would appear in answer to the summons.

A hearing was held before Judge Kravchuk on June 24, 2003, Dr. Thomas appeared at the hearing and confirmed that during the year 2002, he had been the custodian of the records for Three Crows. He testified that sometime during the month of December 2002, Three Crows stopped doing business as The Center For

---

1. The transcript of the June 24, 2003 hearing before Magistrate Judge Kravchuk contains the following colloquy between Judge Kravchuk and Dr. Thomas:

"THE COURT: And Mr. Thomas, if you could identify yourself for the record, are you the principal of this corporation, or what is your relationship to this situation?

"DR. THOMAS: I was the custodian of the records."

Show Cause Hearing, trans. at 4.

Natural Healing.[2] The United States later established that on December 20, 2002, Dr. Thomas acting on behalf of Three Crows signed an Application For Surrender of Authority to do Business, which was filed with the State of Maine on December 23, 2002. Dr. Thomas went on to testify that after the corporation surrendered its authority to do business, he placed about an inch of Three Crows corporate records into an envelope and sent them to a post office box address in Las Vegas, Nevada.[3]

Based on Dr. Thomas's testimony and the IRS documentation, this Court finds that Dr. Thomas was the custodian of the corporate records for Three Crows on December 5, 2002, that Three Crows was issued a summons to produce "any and all records ... of Three Crows Corporation for the period from January 1, 1995 through present," that after December 5, 2002, Dr. Thomas signed and filed with the State of Maine an Application For Surrender of Authority to do Business, and that subsequently, Dr. Thomas packaged and mailed all corporate records of Three Crows Corporation to a post office box in Las Vegas, Nevada. This Court further finds that Dr. Thomas has failed to comply with the December 5, 2002, IRS summons.

On October 27, 2003, the United States filed a formal Motion for Sanctions of Contempt against Richard J. Thomas. Dr. Thomas objected. In his objection, Dr. Thomas raised the following issues: (1) that he has turned over "250 pages plus of exhibits"; (2) that he has appeared at the June 24, 2003, hearing and "answered every question asked by the U.S. Attorney"; (3) that at the end of the June 24, 2003, hearing, the Court had ordered the Government to inform the court within 60 days how it intended to proceed; (4) that he has never been ordered to produce the records; (5) that the IRS already possesses the records through a summons to Bangor Federal Credit Union; (6) that Three Crows "never possessed any real property, received any income or had any paid employees"; (7) that he did not send the records to Nevada to "impede any investigation by the IRS, but rather to do that which he felt was legal"; and, (8) that this case is currently on appeal to the First Circuit and this Court should await the disposition of the appeal before taking action on the pending motion. Dr. Thomas assures this Court, however, that he has a "deep belief in honoring, obeying, and sustaining the law, and at no time has he ever considered, nor would he ever consider, not obeying any order of the Court."

## II. Discussion.

None of Dr. Thomas's objections respond to the main issue: as of December 5, 2002, he was the custodian of Three Crows corporate records and after receiving an IRS summons to produce those records, he packaged them up and sent them to Nevada. He has yet to produce the records responsive to the summons.

Civil contempt "is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949). There are two forms of civil contempt: compensatory and coercive. *United States v. Asay*, 614 F.2d 655, 659 (9th Cir.1980). Courts have "inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v.*

---

**2.** Three Crows Corporation did business as The Center For Natural Healing.

**3.** Three Crows Corporation was or is a Nevada corporation authorized to do business in the State of Maine.

*United States,* 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).

In this case, Dr. Thomas cannot claim he is unable to comply with the summons of December 5, 2002. Not surprisingly, the law does not allow a custodian of records to send them away after receiving a summons and then claim he cannot produce them, because they are no longer in his possession. In *United States v. Asay,* for example, an accounting firm and its president were held in contempt for failure to produce taxpayer books and records pursuant to an IRS summons. *Asay,* 614 F.2d at 657–58. The firm's president had returned all the taxpayer's books to the taxpayer one day before the return date on the summons. The *Asay* Court concluded that "self-induced inability is not a defense to a contempt proceeding." *Id.* at 660. A respondent cannot avoid the summons by relinquishing possession of the summoned documents. *Id.* An IRS summons "imposes a duty to retain possession of summoned documents pending a judicial determination of the enforceability of the summons." *Id.*

Dr. Thomas's objections are simply frivolous.[4] In his objection, he has represented to the Court that he will comply with its orders. In reliance on his representation, this Court orders as follows:

1) Richard J. Thomas is found in civil contempt for dispossessing himself of the summoned records of Three Crows Corporation;

2) Richard J. Thomas has ten (10) days from the date of the entry of this Order to purge himself of this contempt;

3) Richard J. Thomas may purge himself of this contempt by producing the summoned records or by proving by clear and convincing evidence that he has taken all reasonable efforts to recover and produce the summoned documents;

4) If Richard J. Thomas has not purged himself of the civil contempt by the eleventh (11th) day following the entry of this Order, he shall be incarcerated until he has complied with the IRS summons issued to Three Crows Corporation.

SO ORDERED.

---

**4.** Dr. Thomas deserves an answer to the question of the time limit imposed by this Court. At the close of the hearing on June 24, 2003, Magistrate Judge Kravchuk indicated she would continue the matter "day to day". She informed the Government that this was "subject to notification to the Court within 60 days." This time limit was later extended to November 3, 2003. The Motion for Sanctions of Contempt was filed on October 27, 2003 within the extended time period. The Court's time limit was for its own administrative purposes and cannot be used by Dr. Thomas to avoid the legal obligations imposed by the summons.